MEMORANDUM **
Following an adverse jury verdict in a Title VII retaliation suit, Pete Guinan appeals the district court’s exclusion of the testimony of seven witnesses and of a Notice documenting an Equal Employment Opportunity Commission (“EEOC”) finding of discrimination at Guinan’s workplace. We review the district court’s evidentiary rulings for abuse of discretion. Obrey v. Johnson, 400 F.3d 691, 694 (9th Cir.2005). We have jurisdiction under 28 U.S.C. § 1291 and we affirm.
1. The district court did not err in excluding the testimony of the seven witnesses as irrelevant under Federal Rules of Evidence 401 and 402 and substantially more prejudicial than probative under Rule 403. The court properly required that “similarly situated” employee-witnesses “have similar jobs and display simi *93 lar conduct” to the plaintiff. Vasquez v. County of Los Angeles, 349 F.3d 634, 641 (9th Cir.2003). It properly excluded the testimony of C.W. Ash, T.N. Dang, T.J. McCarthy, and J. Bell when Guinan was unable to proffer that they engaged in misconduct of comparable seriousness to Guinan’s. Further, the district court did not violate Federal Rule of Evidence 103 when it requested that Guinan proffer “the substance and purpose of the testimony” of those witnesses and of J. Deveau, W. Montgomery, and C. Braden, Heyne v. Caruso, 69 F.3d 1475, 1481 (9th Cir.1995), and concluded that the proffered evidence did not meet the admissibility threshold of Rules 401, 402, and 403.
Nor did the court improperly establish a rule of “per se inadmissibility]” for “testimony by nonparties alleging discrimination at the hands of supervisors ... who played no role in the adverse employment decision,” in contravention of Sprint/United Management Co. v. Mendelsohn, — U.S. -, 128 S.Ct. 1140, 1143, 170 L.Ed.2d 1 (2008). To the contrary; the court allowed Guinan multiple opportunities to make an offer of proof as to each witness’s individual testimony.
2. Because we address Guinan’s arguments with respect to the exclusion of testimony on the merits, and because we would not benefit from allowing the United States Postal Service to respond to the specific authorities cited in Guinan’s Reply Brief, we deny Guinan’s Motion to Treat His Reply Brief as a Supplemental Brief.
3. Guinan has waived on appeal his argument that the district court erred in excluding a Notice to Employees of an EEOC finding of discrimination at Guinan’s workplace. Guinan fails to “discuss[ the issue] in the body of the opening brief,” Martinez-Serrano v. INS, 94 F.3d 1256, 1259 (9th Cir.1996), and does not cite “to the authorities and parts of the record” necessary to explain why the Notice should have been admitted, Fed. R.App. P. 28(a)(9)(A).
AFFIRMED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.